OPINION *Page 2 
{¶ 1} Appellant Bruce Edward Simpson appeals from the denial of his motion to suppress by the Coshocton County Court of Common Pleas, in a case resulting in his conviction for felony DUI.
 {¶ 2} The following testimony was adduced at the suppression hearing. On April 16, 2006, Sgt. John Glasure of the Coshocton County Sheriff's Department investigated an automobile accident on South 11th Street in the City of Coshocton. He observed a white Chevrolet truck with license plate number DQC4591 smashed into the side of a mobile home owned by Tim Theuner. Sgt. Glasure requested that the dispatcher run a LEADS check on the license plate number. The registered owner of the vehicle was appellant with an address of 2214 South Ninth Street, which was approximately two blocks from the accident scene. The dispatcher also advised Sgt. Glasure that there was an outstanding warrant on appellant out of Muskingum County for failure to appear.
 {¶ 3} Mr. Theuner, the resident of the mobile home, was sleeping in the trailer at the time of the crash. He saw the driver leave the truck and noted the man's physical description. He told the man to stay right there, but the man fled on foot. Mr. Theuner had difficulty getting out of his bedroom because the door was jammed. He was finally able to get out, went to his neighbor's trailer and called 911. The police and fire department arrived shortly thereafter.
 {¶ 4} Two deputies left the scene and went on foot to appellant's residence, which was also a mobile home. They knocked, but nobody answered. Sgt. Glasure remained at the scene taking photos of the vehicles. He noticed damage to the truck's *Page 3 
windshield and blood inside the truck. He was concerned about the driver because the impact of the truck had knocked the mobile home from its foundation. When the other deputies returned, Sgt. Glasure went to appellant's residence. There were large front windows on the home and Sgt. Glasure stood on a wagon wheel planter to look inside a window. The curtains were open; he turned on his flashlight and shined it into the home. He saw appellant, who then dropped out of sight. Sgt. Glasure testified he knew appellant from previous encounters at the jail. He stated to appellant, "Get your ass out here or I'm coming in." In response, appellant opened the door and let the officer in.
 {¶ 5} Sgt. Glasure saw dried blood on appellant's head. Upon questioning, appellant denied being in an accident and stated he had been at home. Sgt. Glasure had appellant come outside. He observed appellant's bloodshot eyes and smelled the odor of alcohol. Appellant also fit the description given by Mr. Thuener. Sgt. Glasure placed appellant under arrest for driving under the influence and took him into custody. Sgt. Glasure informed appellant of the outstanding arrest warrant as they drove back to the accident scene.
 {¶ 6} On April 26, 2006, the grand jury indicted appellant on one count of Driving While Under the Influence of Alcohol, R.C.4511.19(A)(1)(a), a felony of the fourth degree (Count 1); and one count of the same charge but with a refusal to submit to the breath test, R.C.4511.19(A)(2), also a felony of the fourth degree (Count 2).
 {¶ 7} On May 1, 2006, appellant was arraigned and entered pleas of not guilty. On June 1, 2006, appellant filed a motion to suppress, seeking the suppression of all evidence collected as a result of his "warrantless seizure and interrogation". The motion was heard on July 13, 2006. The trial court denied the motion, finding "[t]his case *Page 4 
presents a series of exigencies which authorize the actions taken by law enforcement. Deputies were in hot pursuit of the defendant as he fled from the scene of the accident", and "[t]here was a risk of bodily injury and there was opportunity to destroy evidence if immediate action was not taken". Judgment Entry of July 21, 2006.
 {¶ 8} On November 21, 2006, appellant entered a plea of no contest to Count I and the State agreed to dismiss Count II. The trial court accepted the plea and journalized it on November 30, 2006, and ordered a pre-sentence investigation. Thereafter, the trial court sentenced appellant to one year in jail, permanently suspended his drivers' license, imposed a mandatory fine and ordered restitution.
 {¶ 9} Appellant raises a single Assignment of Error:
 {¶ 10} "I. THE COURT ERRED IN DENYING THE MOTION TO SUPPRESS EVIDENCE."
 I. {¶ 11} Appellant argues Sgt. Glasure violated his Fourth Amendment rights when Sgt. Glasure shined his flashlight and looked through the window of the residence without first obtaining a search warrant. He maintains that shining the flashlight into the window was an illegal intrusion which resulted in his discovery and subsequent warrantless arrest. In addition, he argues Sgt. Glasure's warrantless entry into the home was coerced by threat, which rendered any consent by appellant involuntary. Therefore, he argues the trial court should have suppressed the evidence collected from appellant's person and statements he made to Sgt. Glasure at the residence.
 {¶ 12} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable *Page 5 
searches and seizures of persons or their property. Terry v. Ohio
(1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; State v. Andrews
(1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271. If the state wishes to intrude on the individual's right to be secure in his person, house, paper, and effects by searching or seizing him or his things, the state must first secure a warrant. State v. Buzzard, 112 Ohio St.3d 451,2007-Ohio-373, ¶ 13. A search without a warrant is "per se unreasonable" except in a few well-defined and carefully circumscribed instances.Katz v. United States (1967), 389 U.S. 347, 357, 88 S.Ct. 507,19 L.Ed.2d 576.
 {¶ 13} One recognized exception to the warrant requirement centers around exigent circumstances in which the safety of the police or others within a home is in peril. Minnesota v. Oliver (1990), 495 U.S. 91,110 S.Ct. 1684, 109 L.Ed.2d 85. The scope of the exigent circumstances exception must be strictly circumscribed by the exigencies that justify the entry, and the police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches and arrest. State v. Sheppard (2001), 144 Ohio App.3d 135, 140-141,759 N.E.2d 823, quoting Welsh v. Wisconsin (1984), 466 U.S. 740, 749-750,104 S.Ct. 2091, 80 L.Ed.2d 732.
 {¶ 14} An objective standard is applied to determine whether the totality of the facts and circumstances known to an officer give rise to a reasonable belief that immediate entry is necessary. See, State v.Simmons, Highland App. No. 05CA4, 2006-Ohio-953, citing State v.Letsche, Ross App. No. 02CA2693, 2003-Ohio-6942.
 {¶ 15} The trial court relied on the exigent circumstances exception when it denied appellant's motion to suppress. The testimony established that Sgt. Glasure had responded to an accident scene in which a white truck had hit, with significant impact, a *Page 6 
mobile home. T. at 5. The driver was not at the scene. Sgt. Glasure discovered some blood inside the truck. T. at 21. A LEADs check revealed the vehicle belonged to appellant with a listed address of 2214 South Ninth Street. T. at 6. The dispatcher also advised Sgt. Glasure that there was an outstanding warrant on appellant out of Muskingum County. T. at 6. Further, it appeared that the driver of the vehicle hit their head on the windshield upon impact. T. at 8. Sgt. Glasure went to appellant's residence with these facts to further investigate the ownership of the vehicle, possible injury and an active arrest warrant.[1]
 {¶ 16} The record demonstrates Sgt. Glasure had a legal right to be at the residence because the search was supported by an arrest warrant. The scope of the search was limited to finding the appellant. There was no general search of the residence. Thus, we conclude the search was reasonable. In addition, the officer could reasonably believe that appellant was in immediate need of aid due to the accident.
 {¶ 17} We find the trial court was correct in finding that there were exigent circumstances justifying the warrantless search. The trial court's decision to that effect is supported by the record, and appellant's assignment of error is not well-taken.
 {¶ 18} Appellant's sole assignment of error is overruled. *Page 7 
 {¶ 19} The judgment of the Coshocton County Common Pleas Court is affirmed.
Delaney, J., Gwin, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Coshocton County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] R.C. 2935.12 states, in pertinent part: "When * * * executing an arrest warrant * * * the * * * law enforcement officer * * * may break down an outer or inner door or window of a dwelling house or other building, if after notice of his intention to make the arrest or execute the warrant or summons, he is refused admittance * * *". Thus, if appellant had not opened the door, the officer could have proceeded to enter the residence pursuant to R.C. 2935.12 in executing the arrest warrant. *Page 1